In the Matter of the Application for the DISCIPLINE OF Camelia J. CASBY, an Attorney at Law of the State of Minnesota.

No. C1–83–863.

Supreme Court of Minnesota.

Oct. 10, 1984.

ORDER

The above-entitled matter comes before this court upon the stipulation of the parties which provides as follows:

WHEREAS, the Supreme Court has affirmed the misdemeanor conviction of respondent Camelia J. Casby, *State v. Casby*, 348 N.W.2d 736 (Minn.1984),

WHEREAS, respondent has concluded it is in her best interest to enter into this stipulation,

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned as follows:

1. Respondent understands that she has certain rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility, (RLPR). She waives these rights, which include the right to a hearing before a referee on the Director's May 26, 1983, petition for disciplinary action; to have the referee make findings and conclusions and a recommended disposition; to contest such findings and conclusions; and to a hearing before the supreme court upon the record, briefs and arguments.

2. Respondent withdraws her July 12, 1983, answer, and acknowledges that pursuant to Rule 19(a), RLPR, the facts stated in *State v. Casby*, are for purposes of this proceeding conclusive evidence that she committed the conduct for which she was convicted. This conduct may be summarized by stating that she was convicted of a misdemeanor violation of MINN.STAT. § 481.071 (1982), which provides in part: *"Misconduct by Attorneys.* Every attorney or counselor at law who shall be guilty of any deceit or collusion, or shall consent thereto with the intent to deceive the court or any part, * * * shall be guilty of a misdemeanor * * *."* Respondent was convicted in Rice County on December 29, 1981, of a violation of this statute in connection with Peter Spedevic's false use of his brother's name after Spedevic was arrested for speeding and littering. Respondent "knowingly undertook plea negotiations with the authorities based on the deceit, including the writing of a letter to the authorities confirming those negotiations." *State v. Casby*, at 739. Respondent acknowledges that the conduct for which she was convicted violated disciplinary rules, DR 1–102(A)(4) and (5), DR 7–102(A)(3), (5) and (7) and DR 7–102(B)(1), Minnesota Code of Professional Responsibility (MCPR).

3. Respondent understands that based upon these admissions, this court may impose any of the sanctions set forth in Rule 15(a)(1)–(6), RLPR, including making any disposition it deems appropriate. Respondent understands that by entering into this stipulation, the Director is not making any representations as to the sanction the court will impose.

4. The Director and respondent join in recommending that pursuant to Rule 15, RLPR, the appropriate discipline is a public reprimand and two years supervised probation subject to the following terms and conditions:

    a. Respondent shall abide by the MCPR and such other rules governing attorney conduct as the supreme court may promulgate. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which have or may come to the Director's attention. Either respondent's admission or a referee finding of further unprofessional conduct shall constitute conclusive evidence of a breach of this stipulation.

    b. Within two weeks of the date this stipulation is approved by the supreme court, respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with the terms and conditions of probation. If respondent fails to nominate a supervisor acceptable to the Director, then the Director may, at his option, appoint any licensed Minnesota lawyer acceptable to him as supervisor. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such other more frequent intervals as may reasonably be requested by the Director. Respondent shall cooperate with the supervisor.

    c. Within two weeks of the court imposing such discipline as it deems appropriate in this matter, respondent shall pay the Director as costs in this matter $500, pursuant to Rule 24(a), RLPR.

5. This stipulation is entered into by respondent freely and voluntarily, without any coercion, duress or representations by any person except as contained herein.

6. Respondent has been advised by the undersigned counsel concerning this stipulation and these proceedings generally.

7. Respondent hereby acknowledges receipt of a copy of this stipulation and the petition.

Based upon the records, files and proceedings herein, and the stipulation of the parties,

IT IS HEREBY ORDERED:

1. Respondent Camelia J. Casby is publicly reprimanded pursuant to Minn.R.Law.Prof.Resp. 15(a).

2. Respondent Camelia J. Casby is placed on supervised probation for a period of two years from the date of this order upon the following terms and conditions:

    A. Respondent shall abide by the Minnesota Code of Professional Responsibility or such other rules governing attorney conduct as this court shall promulgate. Respondent shall cooperate with the Director of Lawyers Professional Responsibility's investigation of any allegations of unprofessional conduct which have or may come to the Director's attention. Either respondent's admission or a referee finding of further unprofessional conduct shall constitute conclusive evidence of a breach of this stipulation.

    B. Within two weeks of the date of this order, respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with the terms and conditions of probation. If respondent fails to nominate a supervisor acceptable to the Director, then the Director may, at his option, appoint any licensed Minnesota lawyer acceptable to him as supervisor. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such other more frequent intervals as may reasonably be requested by

the Director. Respondent shall cooperate with the supervisor.

C. Respondent shall pay to the Director $500 in costs pursuant to Minn.R. Law.Prof.Resp. 24(a) within two weeks from the date of this order.